**U.S. Department of Justice**

United States Attorney
District of New Jersey

402 East State Street
Trenton, NJ 08608

609-989-2020

Rjg/PL AGR

August 6, 2012

RECEIVED
SEP 27 2012
AT 8:30
WILLIAM T. WALSH     M
CLERK

David Schafer, Esq.
Federal Public Defender's Office
22 South Clinton Avenue
Station Plaza - 4th Floor
Trenton, NJ 08609

Re: <u>Plea Agreement with Michael Shaw</u>

Dear Mr. Schafer:     Cr. 12-466 (PGS)

This letter sets forth the plea agreement between your client, Michael Shaw, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Michael Shaw to the one-count Indictment, Criminal Number 12-466 (PGS), which charges that he knowingly and wilfully possessed material which contained child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B). If Michael Shaw enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Michael Shaw for possession of child pornography on or about June 23, 2011. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Michael Shaw may be commenced against him, notwithstanding the expiration of the limitations period after Michael Shaw signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2252A(a)(5)(B) to which Michael Shaw agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. If the Court determines that Michael Shaw has a prior conviction under certain chapters of the United States Code or the laws of any state relating to the aggravated sexual abuse, sexual abuse, abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the violation of 18 U.S.C. § 2252A(a)(5)(B) to which Michael Shaw agrees to plead carries a mandatory minimum sentence of 10 years and a statutory maximum prison sentence of 20 years pursuant to 18 U.S.C. § 2252A(b)(2).

The sentence to be imposed upon Michael Shaw is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Michael Shaw ultimately will receive.

Further, in addition to imposing any other penalty on Michael Shaw, the sentencing judge: (1) will order Michael Shaw to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Michael Shaw to pay restitution pursuant to 18 U.S.C. § 2259; (3) may order Michael Shaw, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture pursuant to 18 U.S.C. § 2253; and (5) pursuant to 18 U.S.C. § 3583, may require Michael Shaw to serve a term of supervised release of not less than 5 years and up to life, which will begin at the expiration of any term of imprisonment imposed. Should Michael Shaw be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Michael Shaw may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term

of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. However, should Michael Shaw be placed on a term of supervised release and Michael Shaw subsequently commit an offense while on release in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than 1 year can be imposed, Michael Shaw must be sentenced to at least 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. In addition, Michael Shaw must, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, §§ 113-115, 120 Stat. 587, 593-95 (July 27, 2006), comply with any applicable sex offender registration requirement in New Jersey, and in each jurisdiction where Michael Shaw resides, is employed, or is a student.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Michael Shaw by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Michael Shaw's activities and relevant conduct with respect to this case.

Stipulations

This Office and Michael Shaw agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this

agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Michael Shaw from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Michael Shaw waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

In addition, Michael Shaw agrees to forfeit to the United States all computer and computer accessories seized by law enforcement officers on or about June 23, 2011, including: (1) all visual depictions that were produced, transported, mailed, shipped or received in violation of the law and (2) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Indictment, Crim. No. 12-466 (PGS). (The "Forfeitable Property"). See 18 U.S.C. § 2253.

All right, title, and interest in the Forfeitable Property, and all proceeds traceable thereto, shall be transferred or delivered to the Customs and Border Protection on or before the date the defendant enters his plea of guilty pursuant to this agreement.

The defendant further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at

sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Michael Shaw hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense(s) will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.


Registration Consequences

The defendant understands that his guilty plea to the charged offense(s) will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties.  The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any registration consequences of that plea.  The defendant understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack

challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Michael Shaw. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Michael Shaw.

### No Other Promises

This agreement constitutes the plea agreement between Michael Shaw and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: R. Joseph Gribko
Assistant U.S. Attorney

APPROVED:

_____
Nelson S.T. Thayer, Jr.
Attorney in Charge, Trenton

- 6 -

      I have received this letter from my attorney, David Schafer, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date:  9/4/12
Michael Shaw

      I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, immigration consequences, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date:  9/4/12
David Schafer, Esq.

<u>Plea Agreement With Michael Shaw</u>

<u>Schedule A</u>

1. This Office and Michael Shaw agree to stipulate to the following facts:

    a. Michael Shaw possessed more than 600 images of child pornography;

    b. The child pornography possessed by Michael Shaw was on his computer;

    c. The child pornography possessed by Michael Shaw involved material portraying prepubescent minors;

    d. The child pornography possessed by Michael Shaw involved material portraying sadistic or masochistic conduct or other depictions of violence.

2. If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.